U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 1 2 2009

ROBERT H. SHE[MWELL], CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| JANICE ARENO | CIVIL ACTION NO. 07-1986 |
| versus | JUDGE TRIMBLE |
| STATE FARM FIRE AND CASUALTY CO. | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a motion for summary judgment[1] filed by defendant State Farm Fire and Casualty Company ("State Farm"). For the reasons expressed herein below, the court finds that the motion should be GRANTED.

**I. BACKGROUND**

**A.  Relevant Facts**

Plaintiff's residence in Calcasieu Parish, Louisiana was damaged during Hurricane Rita. The record indicates that plaintiff reported her loss to her property insurer, State Farm, on or about September 26, 2005.[2] Thereafter, plaintiff secured an estimate for these damages from a contractor, Mike Abrahams ("Abrahams"), who "did minor repair work her boss."[3] On or about

---

[1] R. 18.

[2] R. 18-5, ¶ 3. Plaintiff's responses to the motion do not address the date the claim was filed, nor do they refute this particular portion of defendant's statement of uncontested facts. Plaintiff's complaint also fails to cite the date upon which her claim was made. See, R. 1-3.

[3] R. 20, p. 2.

1

October 14, 2005 State Farm sent an adjuster to plaintiff's residence to inspect the damage.[4] During that inspection, the adjuster issued plaintiff a check in the amount of $43,597.23.[5] Sometime after receiving Abrahams' written estimate dated November 16, 2005,[6] plaintiff submitted a copy of same to State Farm.[7] Abrahams' estimate set the cost of repair at $73,143 and, in response to receipt of this written estimate, State Farm issued plaintiff a second check representing the difference between its initial tender and Abrahams' estimate.[8] Plaintiff also received various other checks representing payment for prohibited use of property, cash advance, mileage, lodging, packing of personal property and storage of same.[9]

After a conversation with her employer plaintiff became concerned that the estimate prepared by Abrahams did not sufficiently represent what it would cost plaintiff to repair her home.[10] Plaintiff's employer recommended that she speak with Peter Gostyla ("Gostyla"), an appraiser with whom he had dealt in the past.[11] Thereafter, plaintiff hired Gostyla to represent her as appraiser. Gostyla prepared a written estimate of plaintiff's damages dated which valued

---

[4] Deposition of Janice Areno (7/28/08) at p. 21, lines 18-22.

[5] Id.; copy of check 522566575Q, dated 10/14/05, in the amount of $43,597.23, attached as "Exhibit D" to motion [R. 18].

[6] Copy of Abrahams' estimate attached as "Exhibit C" to motion [R.18].

[7] Deposition of Areno at p. 22, lines 3-6.

[8] Id., at p. 22, lines 7-13; copy of check 522648694Q, dated 12/15/05, in the amount of $25,946.73, attached as "Exhibit D" to motion [R. 18].

[9] See, generally, "Exhibit D" to motion [R. 18].

[10] R. 20, p. 2.

[11] Id.

2

the repairs at $128,408.46.[12] Plaintiff submitted a copy of this estimate to State Farm in April of 2006.[13] The record indicates that on April 7, 2006 State Farm left a telephone message with Gostyla explaining that he would need to supply them with a copy of his contractor's license and an assignment form signed by plaintiff.[14] On September 14, 2006 State Farm sent a letter to plaintiff outlining the appraisal process. The record indicates that State Farm received neither a response to this letter, nor the requested items from Gostyla.[15] Plaintiff contacted State Farm in September of 2006 in order to inquire about her personal property claim, as to which she had not yet submitted the required PPIF, and was asked whether or not she was still represented by Gostyla. Plaintiff stated that she was still represented by Gostyla and State Farm informed her that, for that reason, she would need to "go through [Gostyla] for resolution of her claim."[16]

Plaintiff filed this suit on September 20, 2007 in the Fourteenth Judicial District Court for the Parish of Calcasieu, Louisiana. Plaintiff's complaint alleges that despite sufficient proof of loss and amicable demand, State Farm has failed to provide coverage as contemplated in the homeowner's policy issued to plaintiff.[17] Plaintiff's complaint seeks "full compensation for all property loss and damages sustained," penalties and attorney fees under La. R.S. 22:658 and

---

[12]Copy of Gostyla's estimate attached as "Exhibit C" to plaintiff's opposition to motion [R. 20].

[13]R. 20, p. 6.

[14]Copy of State Farm electronic activity log attached as "Exhibit F" to defendant's reply in support of motion [R. 21].

[15]Id.

[16]Id., at entry 80; R. 21 at p. 5.

[17]R. 1-3.

3

22:1220,[18] plus legal interest and costs. State Farm removed the case to this court on November 20, 2007.[19] State Farm filed the instant motion for summary judgment[20] wherein it requests judgment as a matter of law as to plaintiff's bad faith claims under La. R.S. 22:658 and 22:1220 on the basis that the facts and evidence of this case demonstrate that State Farm's administration of plaintiff's claim thus far does not constitute bad faith as contemplated by those statutes.

**B.   Applicable Standard**

The motion before the court requests summary judgment pursuant to Fed. R. Civ. P. 56. In ruling on such a motion, we must determine whether the "...pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any show that there is no genuine issue as to any material fact..."[21] A "material fact" is one which, given its resolution in favor of one party or another, might affect the outcome of the suit under applicable law.[22] An issue is considered "genuine" when the evidence leaves open the possibility that a rational trier of fact might still return judgment in favor of the nonmoving party.[23]

---

[18] By Acts 2008, No. 415, § 1 (effective January 1, 2009), the Louisiana Legislature renumbered Title 22 of the Louisiana Revised Statutes. Accordingly, former La. R.S. 22:658 is now La. R.S. 22:1892. Similarly, La. R.S. 22:1220 is now La. R.S. 22:1973. The case before us concerns events which took place before the renumbering and therefore we will refer to the statutes at issue by their former designation.

[19] R. 2.

[20] R. 18.

[21] Fed. R. Civ. P. Art. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); American Home Assurance Co. v. United Space Alliance, 378 F.3d 482, 486 (5th Cir. 2004).

[22] Anderson, supra, 477 U.S. 242, 248.

[23] Hamilton v. Segue Software, Inc., 232 F.3d 473, 477 (5th Cir. 2000), citing Anderson, supra, 477 U.S. 242, 248.

4

Once the moving party has carried its burden of showing an absence of evidence to support the non-moving party's case, the burden shifts to the non-party to come forward with specific facts showing a genuine factual issue for trial.[24] "Conclusory denials, improbable inferences, and legalistic argumentation" are not an adequate substitute for specific facts showing that a genuine issue of material fact remains to be tried.[25] Evidence presented, whether in support of or in opposition to a motion for summary judgment, must be of such character that it would be admissible at trial.[26] Where both parties have presented contradictory evidence, the court will resolve all such controversy in favor of the non-moving party, viewing the facts and evidence in the light most favorable thereto. General averments will not suffice, however, in place of specific factual proofs, as the court will not assume the existence of any material fact issue not pled by the non-moving party.

If the moving party, here defendants, fails to demonstrate the absence of material fact questions or if plaintiff, on the other hand, succeeds in demonstrating the existence of such questions, the motion must be denied

## II. ANALYSIS

Although State Farm's motion is not styled as such, it is clear that this motion only seeks summary judgment as to plaintiff's bad faith claims.[27] Accordingly, we confine our ruling to

---

[24]Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[25]SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993).

[26]Fed. R. Civ. P. Art. 43(a); Roucher v. Traders & General Ins. Co., 235 F.2d 423, 424 (1956).

[27]R. 21, p.2.

those particular claims.

Under Louisiana law, an insurer owes a duty of good faith and fair dealing to its policyholders. To that end, La. R.S. 22:658 subjects an insurer found to be "arbitrary, capricious, or without probable cause" in its failure to pay the amount of any claim found to be due within 30 days of receipt of satisfactory proof of loss to liability for damages, penalties and attorney fees.[28] Similarly, La. R.S. 22:1220 imposes liability for damages and penalties on an insurer when its failure to pay the amount of any claim found to be due within 60 days is found to be arbitrary, capricious, or without probable cause.[29] Although not worded identically, the conduct contemplated by both statutes is similar and the main difference between them is the applicable grace periods.[30] A plaintiff may not recover penalties under both statutes.[31] The statute providing for the larger penalty controls for that award, but attorney fees remain available under § 658 even when the court calculates the penalty under § 1220.[32]

La. R.S. 22:658 and 22:1220 are penal in nature and must, therefore, be strictly construed.[33] Louisiana courts construe the phrase "arbitrary, capricious, or without probable cause" as synonymous with "vexatious," or without reasonable basis or excuse.[34] An insurer

---

[28]La. R.S. 22:658(A), (B)(1).

[29]La. R.S. 22:1220(B)(6).

[30]Calogero v. Safeway Ins. Co. of Louisiana, 753 So.2d 170, 173 (La. 2000).

[31]Id.

[32]Id.

[33]Hart v. Allstate Ins. Co., 437 So.2d 823 (La. 1983).

[34]Dickerson v. Lexington Ins. Co., 2008 WL 5295389, *4 (5th Cir. 12/22/08), citing Reed v. State Farm Mut. Auto. Ins. Co., 857 So.2d 1012, 1021 (La. 2003).

does not act in contravention of either statute when it refuses payment of a claim based on its good faith dispute as to the damages sustained or the applicability of coverage.[35]

A policyholder seeking recovery under §§ 658 and 1220 must prove that the insurer received satisfactory proof of loss, that the insurer failed to pay the amount of the claim due within the required time and that this failure to pay was "arbitrary and capricious."[36]

La. R.S. 22:658 was amended in 2006 to increase its available penalties from twenty-five percent (25%) to fifty percent (50%) and to reinstate the availability of reasonable attorney fees.[37] The Louisiana Supreme Court recently considered the mechanics of that amendment in Sher v. Lafayette Ins. Co.,[38] finding that it was a substantive enactment which was not expressly designated as retroactive.[39] Accordingly, the court held that the amendment must only be applied prospectively.

The parties agree that if plaintiff's cause of action accrued before the 2006 amendment, the pre-amendment version of § 658 is applicable in this case. State Farm's motion requests judgment finding that any recovery by plaintiff under this statute be confined to the relief available in the pre-amendment version.

A plaintiff's cause of action accrues when that party may bring suit against another.[40]

---

[35]Id., citing Calogero, 753 So.2d at 173.

[36]Id., citing Talbert v. State Farm Fire & Cas. Ins. Co., 971 So.2d 1206, 1211-12 (La. App. 4th Cir. 2007); Desoto v. Balbeisi, 837 So.2d 48, 51 (La. App. 1st Cir. 2002).

[37]Acts 2006, No. 813, § 1.

[38]988 So.2d 186 (La. 2008).

[39]Sher, 988 So.2d at 201.

[40]Jordan v. Employee Transfer Corp., 509 So.2d 420 (La. 1987).

The cause of action contemplated by R.S. 22:658 accrues when an insurer is arbitrary, capricious or without probable cause in its failure to unconditionally tender funds in payment of the amount of any claim found to be due within 30 days after receipt of satisfactory proof of loss.

The record before us indicates that plaintiff provided State Farm with her initial proof of loss on or about November 29, 2005.[41] Plaintiff submitted her second proof of this same loss in April of 2006 when she provided State Farm with a copy Gostyla's written estimate.[42] Construing these facts in the light most favorable to the plaintiff as non-moving party, we find that we must, in the event we find plaintiff is entitled to recovery thereunder, apply the pre-amendment version of La. R.S. 22:658. Even if we assume that plaintiff's cause of action under the statute accrued 30 days from April 6, 2006 (May 6, 2006), the cause of action still accrued before August 15, 2006 – the effective date of the amendment at issue. Accordingly, this portion of State Farm's motion will be granted and any relief provided to plaintiff under § 658 will be restricted to the pre-amendment version of that statute.

Plaintiff argues that the post-amendment version of § 658 should apply to her personal property claim because she only supplied satisfactory proof of loss on this claim in October of 2008.[43] Plaintiff claims that her delay in submitting this proof of loss is due, at least in part, to State Farm's refusal to accept her PPIF at first because she had accepted representation by Gostyla, a public adjuster. State Farm does not deny that it instructed plaintiff on September 19,

---

[41]State Farm electronic activity log (entry no. 20) attached as "Exhibit F" to defendant's reply in support of motion [R. 21].

[42]Id., entry no. 46.

[43]R. 22, p. 3.

8

2007 that since she was being represented by Gostyla she would need to "go through [Gostyla] for resolution of her claim."[44] As stated above, plaintiff's loss of personal property occurred in September of 2005 as a result of Hurricane Rita. State Farm's electronic activity log reflects numerous attempts to get plaintiff to submit her PPIF, stretching long past the deadline of 60 days enumerated in the policy at issue. As discussed below, plaintiff did not comply with State Farm's instructions to have her PA, Gostyla, submit her proof of loss of personal property and, instead, filed suit. Accordingly, we cannot find that State Farm denied payment on plaintiff's personal property claim without a reasonable, good faith basis. This portion of State Farm's motion will also be granted and plaintiff's claim under La. R.S. 22:658 and 22:1220 concerning her personal property claim will be dismissed with prejudice.

State Farm's motion also asserts that it did not act in bad faith by refusing further payment on plaintiff's claim for structural damage to her home. The court has carefully reviewed the record, including the briefs and supporting evidence filed by both parties and agrees that the undisputed facts do not demonstrate "vexatious" conduct by State Farm. Rather, the record demonstrates plaintiff's failure to properly pursue the appraisal process as instructed by State Farm and outlined in her homeowner's policy.[45]

Neither party disputes that State Farm issued several checks to plaintiff, two of which constituted payment in full of the Abrahams estimate. Neither party disputes that plaintiff thereafter sought and retained the services of Gostyla and that plaintiff submitted Gostyla's

---

[44] State Farm electronic activity log at entry no. 80, attached as "Exhibit F" to defendant's response in support of motion [R.21].

[45] Letter from State Farm to plaintiff dated September 14, 2006, attached as "Exhibit K" to defendant's response in support of motion [R. 21].

estimate to State Farm. What is clear to the court is that State Farm has not, as plaintiff charges, refused to allow appraisal of this claim or to negotiate the claim further.

While the court is certainly sympathetic to plaintiff's stated exigent family and personal health circumstances, we do not find that these circumstances have any bearing on whether or not State Farm's action on this claim is considered "arbitrary, capricious, or without probable cause" under Louisiana law. The record reflects numerous attempts at communication with plaintiff which were not met responsively by plaintiff or Gostyla.

Plaintiff argues against summary judgment by pointing out that discovery has only recently been completed in this case. This motion was filed in October of 2008 and the court expects that if plaintiff knew of any evidence of bad faith denial by State Farm, it would have submitted it as summary judgment evidence. Plaintiff's brief points to no evidence that tends to show a question of material fact concerning whether or not State Farm had a reasonable basis for denying further payment on plaintiff's claim. Accordingly, we find that while plaintiff has demonstrated State Farm's receipt of proof of loss and State Farm's refusal to make further payment on her claim within the grace periods set forth by applicable statutes, she has not shown that this denial was not based on State Farm's reasonable and good faith dispute as to the extent of damages and/or coverage in this case.

### III. CONCLUSION

After reviewing the record in this case and the motion before us, this court finds that plaintiff has failed to show the existence of a question of material fact concerning whether or not State Farm acted in bad faith when it denied further payment on her claims for structural damage and personal property loss. As discussed above, the record demonstrates that plaintiff retained

the services of a Public Adjuster and demanded that her claim be subject to appraisal. State Farm acknowledged her demand and instructed plaintiff and her adjuster, Gostyla, as to how to proceed with appraisal. Plaintiff offers no evidence to rebut State Farm's contention that she simply did not follow through with the process as outlined in State Farm's correspondence and in her homeowner's policy. Accordingly, we find that State Farm had a reasonable, good faith basis for denying further payment on these claims and plaintiff is not, therefore, entitled to recovery under La. R.S. 22:658 or 22:1220. As discussed above, however, had we found that plaintiff was entitled to recover penalties and attorney fees under these statutes, the pre-amendment version of § 658 would have applied in this case.

Given our findings above, plaintiff's motion will be granted and the court will issue a judgment dismissing plaintiff's claims under La. R.S. 22:658 and 22:1220 with prejudice.

Alexandria, Louisiana
January _12_, 2009

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE